# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND DUET AND DEANNA G. DUET | * | |
|                              Plaintiffs | * | CASE NO. |
| | * | |
| versus | * | |
| | * | SECTION |
| BP, plc, BP PRODUCTS NORTH AMERICA, INC., | * | |
| BP AMERICA, INC., BP EXPLORATION & | * | |
| PRODUCTION, INC., TRANSOCEAN, LTD., | * | |
| TRANSOCEAN OFFSHORE DEEPWATER | * | MAGISTRATE |
| DRILLING, INC., TRANSOCEAN DEEPWATER, | * | |
| INC., HALLIBURTON ENERGY SERVICES, INC. | * | |
| AND CAMERON INTERNATIONAL | * | JURY DEMAND |
| CORPORATION f/k/a COOPER CAMERON | * | |
| CORPORATION | * | |
|                              Defendants | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs, Raymond Duet and Deanna G. Duet, plaintiffs, bring this action against the defendants identified below ("Defendants"), and aver as follows:

## INTRODUCTION

1.

This is an action to recover damages suffered by plaintiffs as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April 20, 2010, at about 10:00 p.m. central time on the outer Continental Shelf, off the Louisiana coast. Following the sinking of the oil rig, over 5,000 barrels per day of crude oil have been leaking from the oil well upon which the Deepwater Horizon was performing completion operations, and from the pipe connected to it (drill stack). The oil slick and subsurface oil has begun to reach the Louisiana coast and has already caused detrimental

affects upon the Gulf of Mexico's and Louisiana's marine environments, coastal environments and estuarine areas, which are used by Plaintiffs to earn a livelihood through shrimping.

## PARTIES

2.

Plaintiffs, Raymond Duet and Deanna G. Duet, are citizens of Louisiana who reside within this district in Lafourche Parish, Louisiana. Plaintiffs earn their livelihood as commercial shrimpers in the Gulf of Mexico and in the "coastal zone" (as that term is defined in 43 U.S.C. §1331(e)) (the "Coastal Zone") and, as a result of the events described above and below, they have suffered damages that are more fully described below.

3.

Defendants herein are:

(a)  BP, plc ("BP"), a foreign corporation doing business in the State of Louisiana and within this district;

(b)  BP Products North America, Inc. ("BP Products") a foreign corporation doing business in the State of Louisiana and within this district;

(c)  BP America, Inc. ("BP America"), a foreign corporation doing business in the State of Louisiana and within this district;

(d)  BP Exploration and Production, Inc. ("BPXP"), a foreign corporation doing business in the State of Louisiana and within this district;

(e)  Transocean, Ltd., ("Transocean, Ltd.") a foreign corporation doing business in the State of Louisiana and within this district;

(f)  Transocean Offshore Deepwater Drilling, Inc. ("Transocean

        Offshore"), a foreign corporation doing business in the State of Louisiana and within this district;

(g)    Transocean Deepwater, Inc. ("Transocean Deepwater"), a foreign corporation doing business in the State of Louisiana and within this district;

(h)    Halliburton Energy Services, Inc. ("Halliburton"), a foreign corporation doing business in the State of Louisiana and within this district; and

(I)    Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron"), a foreign corporation doing business in the State of Louisiana and within this district.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this action pursuant to (1) 28 U.S.C. §1332(a), because the matter in controversy exceeds the sum or value of $75,000,000, exclusive of interest and costs, and it is an action brought by citizens of a State against citizens of different States where foreign states; and 28 U.S.C. §1331, because the claims asserted herein arise under the laws of the United States of America, including the laws of the State of Louisiana which have been declared, pursuant to 43 U.S.C. §§1331 (f)(1) and 1333(a)(2), to be the law of the United States for that portion of the outer Continental Shelf from which the oil spill originated and the federal maritime law.  Alternatively, the Court has jurisdiction under 28 U.S.C. §1333 as a case arising under admiralty or maritime jurisdiction.

5.

Prosecution of this action in this district is proper under 28 U.S.C. §1391 because all the events or omissions giving rise to the claims asserted herein occurred in this district.

**FACTUAL ALLEGATIONS**

6.

Transocean, Ltd., Transocean Offshore and Transocean Deepwater (collectively "Transocean") are the owners and/or operators of the Deepwater Horizon, a semi-submersible mobile drilling rig, which was performing completion operations for BP, BP Products, BP America and BPXP, on the outer continental shelf, at the site from which the oil spill now originates, on April 20, 2010.

7.

BP, BP Products, BP America and BPXP (collectively "BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil-production-related operations at the site of the and oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

8.

Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out-preventers ("BOP's") that failed to operate upon the explosion, which should have prevented the oil spill. The BOP's were defective because they failed to operate as intended. As such, Cameron is liable to Plaintiffs pursuant to the Louisiana Products Liability Act in addition to being liable for its negligence.

9.

Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

10.

At all times material hereto, the Deepwater Horizon was owned, manned, possessed, managed, controlled, chartered and/or operated by Transocean and/or BP.

11.

The fire and explosion on the Deepwater Horizon, its sinking and the resulting oil spill were caused by the negligence of Defendants, which renders them liable jointly, severally and in-solido to Plaintiffs for all their damages.

12.

The injuries and damages suffered by plaintiffs were caused by Defendants' violations of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard, including the requirement to test the sub-sea BOP's at regular intervals.

13.

Defendants knew of the dangers associated with deep water drilling and failed to take appropriate measures to prevent damage to Plaintiffs, Louisiana's and the Gulf of Mexico's marine and coastal environments and estuarine areas, and the Coastal Zone, where work and earn a living.

14.

The spilled oil would not simply evaporate off of the surface of the water and is causing dangerous environmental contamination of the Gulf of Mexico and its shorelines, threatening

Louisiana's sensitive wetlands and estuarine areas.

15.

The oil spill and the contamination have caused and will continue to cause loss of revenue to persons such as the plaintiffs who are being prevented from using the Gulf of Mexico and Louisiana's Coastal Zone for diverse activities, including work and to earn a living.

16.

There are many other potential affects from the oil spill that have not yet become known, and Plaintiffs reserve the right to amend this Complaint once additional information becomes available.

### FIRST CAUSE OF ACTION (NEGLIGENCE)

17.

Plaintiffs, on behalf of themselves repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if copied herein.

18.

The fire, explosion and resulting oil spill was caused by the concurrent negligence of the Defendants.

19.

Upon information and belief, plaintiffs aver that the fire, explosion and resulting oil spill was caused by the joint negligence and fault of the Defendants in the following non-exclusive particulars:

    a.    Failing to properly operate the Deepwater Horizon;

    b.    Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

    c.    Failing to properly inspect the Deepwater Horizon to assure that its

        equipment and personnel were fit for their intended purpose;

d.     Acting in a careless and negligent manner without due regard for the safety of others;

e.     Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

f.     Operating the Deepwater Horizon with untrained and unlicensed personnel;

g.     Inadequate and negligent training and hiring of personnel;

h.     Failing to take appropriate action to avoid or mitigate the accident;

I.     Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

j.     Employing untrained or poorly trained employees and failing to properly train their employees;

k.     Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

l.     Failure to timely warn;

m.     Failure to timely bring the oil release under control;

n.     Failure to provide appropriate accident prevent equipment;

o.     Failure to observe and read gauges that would have indicated excessive pressures in the well;

p.     Failure to react to danger signs;

    q.      Providing BOP's that did not work properly;

    r.      Conducting well and well cap cementing operations improperly;

    s.      Acting in a manner that justifies imposition of punitive damages; and

    t.      Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of the laws of Louisiana and Federal law applicable on the outer Continental Shelf.

20.

In addition, and in the alternative, the fire, explosion, sinking and resulting oil spill were caused by defective equipment, including the BOP's, which were in the care, custody, and control of defendants and over which the defendants had *garde*. Defendants knew or should have known of these defects and defendants are, therefore, liable for them.

21.

The injuries to Plaintiffs were also caused by or aggravated by the fact that defendants failed to take necessary actions to mitigate the danger associated with their operations.

22.

In addition to the negligent actions described above, and in the alternative thereto, the injuries and damages suffered by plaintiffs were caused by the acts and/or omissions of the defendants that are beyond proof by the plaintiffs, but which were within the knowledge and control of the Defendants, there being no other possible conclusion than that the fire, explosion, sinking and oil spill resulted from the negligence of defendants. Furthermore, the fire, explosion, sinking and the resulting oil spill would not have occurred had the defendants exercised the high degree of care imposed on them and plaintiffs, therefore, plead the doctrine of *res ipsa loquitur*.

23.

Plaintiffs are entitled to a judgment finding defendants liable to plaintiffs for damages suffered as a result of defendants' negligence and awarding plaintiffs adequate compensation therefor in amounts to be determined by the trier of fact, but averred by plaintiffs at this time to exceed $100,000 each.

24.

Plaintiffs also allege that defendants' actions were of such an egregious nature as to render them liable for punitive damages in addition to compensatory damages, and in our account equal to plaintiffs' compensatory damages.

25.

Plaintiffs anticipate that they will ultimately assert claims under the Oil Pollution Act, 33 USC §2701 et seq., but such claims are not yet ripe.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs demand judgment against defendants, jointly, severally and *in solido*, as follows:

    a.    Economic and compensatory damages in amounts to be determined at trial, but not less than the $100,000 each;

    b.    Punitive damages;

    c.    Pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d.    Attorney's fees and costs of litigation;

    e.    Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate; and

  f.  A trial by jury as to all defendants.

                Respectfully submitted by
                Attorneys for Plaintiffs:

                **DUÉ, PRICE, GUIDRY, PIEDRAHITA**
                   **& ANDREWS**
                (A Professional Association-Not A Partnership)

_____  /s/ Donald W. Price
                Paul H. Dué, Bar Roll #5120
                Donald W. Price, Bar Roll #19452
                Kirk A. Guidry, Bar Roll # 20842
                B. Scott Andrews, Bar Roll #24280
                8201 Jefferson Highway
                Baton Rouge, LA  70809
                Telephone:  (225) 929-7481
                Facsimile:  (225) 924-4519